# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### NORTHERN DIVISION

**STEPHANIE CLARK**                                                  **PLAINTIFF**

**v.**                                      **No. 3:25-cv-78-DPM**

**TRUMANN SCHOOL DISTRICT**                                          **DEFENDANT**

## PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), here is the Protective Order.

1.     The videos recorded 26–27 September 2024 in Stephanie Clark's classroom shall be protected from disclosure according to the following terms and conditions.

2.     Clark's attorneys will maintain the videos in their care, may permit their client to view the videos in their presence, but will not permit the videos to be out of their care.   The videos may have some students' faces shown, but they will not be used to identify individual students by name.

3.     The documents covered by this Protective Order may be disclosed only to the following persons:

      **a.** the Court and any court to which an appeal is taken;

      **b.** the parties, counsel for the parties, and counsel's support personnel if the functions require access to the material;

      **c.** court reporters or others engaged in preparing transcripts of depositions, hearings, or trials of this action;

**d.** the parties' consultants or experts;

**e.** deponents or witnesses; and

**f.** such other persons as the Court may direct.

4.      Confidential materials shall only be used for the preparation and trial of this matter and shall not be used for any other purposes.

5.      Designation of a document as confidential does not, standing alone, justify filing the document under seal.  Instead, the parties must comply with Fed. R. Civ. P. 5.2's mandate for redaction. If redaction is impracticable, a party must move for permission to file any information designated as confidential and any related motion, brief, or paper containing that material under seal.  The moving party must justify sealing with specifics and solid reasons, document-by-document, including an explanation about why redaction cannot be done.

6.      This Order shall remain in effect for one year after this case ends, including any appeal.  Thereafter, the obligations imposed shall continue but shall be solely a matter of contract between the parties.

7.      Counsel must confer in good faith in person before bringing any dispute arising under this Protective Order to the Court.  A party or any other person objecting shall provide written notice of the dispute to the appropriate party or parties, specifying the materials that are the subject of the dispute. Within thirty days after this objection, the parties

and any other objecting person(s) shall confer in good faith, and in person, to resolve the dispute. If the parties reach an impasse, they must file a joint report explaining the disagreement. The parties will file this paper under the CM/ECF event called "Joint Report of Discovery Dispute." The joint report must not exceed ten pages, excluding the style and signature block. Each side gets five pages.

The joint report must be filed sufficiently before the trial cutoff so that the dispute can be resolved without undermining pretrial deadlines. The parties will alert the law clerk on the case to the joint report's filing. The parties will not proceed on the disputed issue until the Court issues a ruling or schedules a hearing

    **8.** All parties acknowledge that names of students and information about students may be contained within some discovery materials. Such names and information about students shall be considered confidential, and shall come within the terms of this Order.

    So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

_19 May 2026_

- 3 -

-4-

Approved:


/s/ Chris Burks
Chris Burks
Attorney for Plaintiff



/s/ Donn Mixon
Donn Mixon
Attorney for Defendant